IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARTHUR C. STRICKLIN, DOROTHY ANN STRICKLIN,
VAUGHAN D. STRICKLIN, KATHY A. STRICKLIN,
COREY V. STRICKLIN, TENA STRICKLIN and
M. BETH McINTYRE,

      Plaintiffs,

v.                                  Civil Action No. 5:12CV8
                                              (STAMP)

FORTUNA ENERGY INC.
(now Talisman Energy USA Inc.),
RANGE RESOURCES- APPALACHIA, LLC,
CHESAPEAKE APPALACHIA, LLC,
STATOIL USA ONSHORE PROPERTIES, INC.
and JAMESTOWN RESOURCES, LLC,

      Defendants.

## MEMORANDUM OPINION AND ORDER
### GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT
### TO ASSERT CLASS ACTION

I.  Background

    The plaintiffs commenced this action by filing a complaint in the Circuit Court of Ohio County, West Virginia. The complaint alleges that the plaintiffs entered into oil and gas leases with Talisman Energy USA Inc. ("Talisman" f/k/a Fortuna Energy Inc.) and that Talisman later impermissibly assigned its interest in the plaintiffs' leases to Range Resources-Appalachia, LLC ("Range Resources"), which subsequently assigned its interest to Statoil USA Onshore Properties Inc. ("Statoil") and Chesapeake Appalachia, LLC ("Chesapeake Appalachia"), which then assigned a partial working interest to Jamestown Resources, LLC ("Jamestown"). According to the plaintiffs, the terms of the January 25, 2006

leases did not permit Talisman to assign its interest in the leases.  The plaintiffs seek a declaration that the leases are void and that the defendants have no right to enter, drill, or pool the plaintiffs' property.  The plaintiffs further seek unspecified compensatory damages, punitive damages, and attorneys' fees.  The defendants removed the case to this Court on January 18, 2012.

Defendants Chesapeake Appalachia, Statoil, Jamestown, and Range Resources filed motions to dismiss, which this Court granted in part and denied in part.  Specifically, this Court held that to the extent the motions to dismiss argued that any restriction on assignment is ambiguous and therefore unenforceable, they must be denied.  This Court granted the defendants' motions to dismiss as to their claim that the plaintiffs seek an impermissible forfeiture.

Subsequently, the plaintiffs filed a motion to amend the complaint to assert a class action.  In support of this motion, the plaintiffs allege: (1) there are common questions of law and fact; (2) the claims or defenses of the Stricklins are typical of the claims or defenses of the class; and (3) the Stricklins will fairly and adequately protect the interests of the class.  Pursuant to Local Rule of Civil Procedure 15.01, the plaintiffs attached a copy of the proposed amended complaint asserting a class action to their motion to amend.  The defendants then filed a joint response to the motion to amend, in which they state that they do not oppose the

2

motion to amend the complaint to assert a class action.  However, in their response, the defendants reserve the right to file motions to dismiss the proposed amended complaint.  The defendants further note that the scheduling order may need to be modified.  The plaintiffs did not file a reply in support of their motion to amend.

The parties later filed a joint motion to stay discovery and the March 5, 2012 scheduling order.  Both the motion to amend the complaint and the joint motion to stay discovery and the scheduling order are currently pending before this Court.  For the reasons set forth below, this Court finds that the motion to amend the complaint must be granted.

## II.  Applicable Law

Rule 15(a) of the Federal Rules of Civil Procedure grants this Court broad discretion concerning motions for leave to amend pleadings.  See Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991) ("Motions to amend are committed to the discretion of the trial court."); Fed. R. Civ. P. 15(a).  Rule 15 states, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of . . . a motion under Rule 12(b)."  Fed. R. Civ. P. 15(a)(1).  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written

consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Further, leave to amend should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## III. Discussion

In their motion to amend the complaint to assert a class action, the plaintiffs state that the proposed class consists of those West Virginia owners of oil and gas interests who entered into oil and gas leases with Fortuna and who may have similar assignment clauses in their leases and are so numerous that joinder of all members is impracticable. According to the plaintiffs, the common questions of law or fact are significant and relate to the assignment clause in the lease agreement -- specifically, whether Fortuna Energy, Range Resources, and/or Chesapeake Appalachia were required, pursuant to the terms of the leases, to obtain the consent of the lessors before assigning its interest in the leases to other parties and/or whether Range Resources and Chesapeake Appalachia were obligated to confirm that approval of the lessors

had been obtained before accepting the assignment and claiming a leasehold interest.

Because the defendants do not oppose the motion to amend the complaint to add a class action, this Court grants the motion to amend. See Fed. R. Civ. P. 15(a)(2). As the defendants note, this Court's March 5, 2012 scheduling order may require modification -- an issue that the parties can discuss at the status and scheduling conference.

IV.   Conclusion

For the reasons stated above, the plaintiffs' motion to amend the complaint to assert a class action (ECF No. 38) is GRANTED. The plaintiffs are DIRECTED to file a signed copy of the amended complaint asserting class action in accordance with Local Rule of Civil Procedure 15.01. (ECF No. 38 Ex. A.)  By a separate order, this Court will schedule a status and scheduling conference to discuss the joint motion to stay discovery and the March 5, 2012 scheduling order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    July 27, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

5