IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARTHUR C. STRICKLIN, DOROTHY ANN STRICKLIN,
VAUGHAN D. STRICKLIN, KATHY A. STRICKLIN,
COREY V. STRICKLIN, TENA STRICKLIN
and M. BETH McINTYRE, individually and
on behalf of others similarly situated,

    Plaintiffs,

v.                                          Civil Action No. 5:12CV8
                                                                     (STAMP)
FORTUNA ENERGY, INC.
(now Talisman Energy USA Inc.),
RANGE RESOURCES-APPALACHIA, LLC,
CHESAPEAKE APPALACHIA, LLC,
STATOIL USA ONSHORE PROPERTIES, INC.,
and JAMESTOWN RESOURCES, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT**

I.    Background

The plaintiffs commenced this action by filing a complaint in the Circuit Court of Ohio County, West Virginia. The complaint alleges that the plaintiffs entered into oil and gas leases with Talisman Energy USA Inc. ("Talisman") f/k/a Fortuna Energy Inc. and that Talisman later impermissibly assigned its interest in the plaintiffs' leases to Range Resources-Appalachia, LLC ("Range Resources"), which subsequently assigned its interest to Statoil USA Onshore Properties Inc. ("Statoil") and Chesapeake Appalachia, LLC ("Chesapeake Appalachia"). Chesapeake Appalachia then assigned

a partial working interest to Jamestown Resources, LLC ("Jamestown"). According to the plaintiffs, the terms of the January 25, 2006 leases did not permit Talisman to assign its interest in the leases. The plaintiffs sought a declaration that the leases are void and that the defendants have no right to enter, drill, or pool the plaintiffs' property.[1] The plaintiffs further seek unspecified compensatory damages, punitive damages, and attorneys' fees. The defendants then removed the case to this Court.

Defendants Chesapeake Appalachia, Statoil, Jamestown, and Range Resources filed motions to dismiss, which this Court granted in part and denied in part. Specifically, this Court held that to the extent the motions to dismiss argued that any restriction on assignment is ambiguous and therefore unenforceable, they must be denied. This Court granted the defendants' motions to dismiss as to their claim that the plaintiffs seek an impermissible forfeiture. The plaintiffs then filed a motion to amend their complaint to assert a class action, which was unopposed. This Court granted the plaintiffs' motion to amend their complaint to assert a class action.

---

[1] The parties entered into a stipulation whereby they agreed to dismiss the claim seeking a declaration that the subject leases be declared null and void in the plaintiffs' amended complaint. ECF No. 54.

After this Court granted the plaintiffs' motion to amend their complaint, defendants Chesapeake Appalachia, Jamestown Resources, and Statoil (hereinafter "defendants") filed a motion to dismiss the amended complaint. In support of their motion to dismiss the amended complaint, these defendants argue: (1) an assignee owes no duty to confirm that an assignor obtained prior consent; (2) the trespass claim against these particular defendants fails as a matter of law; and (3) there is no basis for plaintiffs' request of punitive damages or attorneys' fees.

The plaintiffs responded and argue: (1) the consent to assign clause in this lease binds future assignees and the defendants must bear at least part of the responsibility to make the lessor whole; and (2) it is not appropriate at this stage of the litigation to make a determination that there is no set of facts that may eventually result in an award of attorneys' fees to the plaintiffs. However, with regard to the defendants' trespass argument and punitive damages argument, the plaintiffs state: (1) to the extent the amended complaint could be read as asserting a trespass claim, the plaintiffs agree that it is an issue preserved for appeal, but will not be litigated given this Court's ruling on the forfeiture issue; and (2) the plaintiffs withdraw their demand for punitive damages, but reserve the right to move to amend their complaint should facts be developed in discovery that would provide the requisite basis for the claim.

As the plaintiffs do not oppose the defendants' arguments concerning punitive damages and the possible trespass claim, the Court grants the defendants' motion to dismiss as to those claims. For the reasons stated below, however, this Court denies the defendants' motion to dismiss as to the duty to confirm consent issue and the attorneys' fees claim.[2]

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the

---

[2]This Court held a hearing regarding the plaintiffs' motion to lift stay and amend the scheduling order on February 4, 2013. During this hearing, this Court provided the parties with preliminary rulings on the defendants' motion to dismiss. This order confirms those rulings.

4

claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

5

III. <u>Discussion</u>

As stated above, this Court grants the defendants' motion to dismiss as to the punitive damages claim and the possible trespass claim contained in the plaintiffs' amended complaint because the plaintiffs do not oppose the defendants' arguments on these issues. This Court, however, denies the defendants' motion to dismiss as to the duty to confirm consent issue and the attorneys' fees claim.

A. <u>Duty to confirm consent</u>

The defendants first argue that only the assignor of a lease owes a duty to obtain consent prior to assignment to the assignee. In support of this argument, the defendants cite case law from various jurisdictions that state a lessor has an action for damages against the assignor when a lease or contract is assigned in violation of a covenant not to assign. <u>See</u> ECF No. 57 *6. Therefore, the defendants argue that Jamestown Resources and Statoil are not liable for any alleged violation because they have not assigned the lease. Instead, Jamestown Resources and Statoil are current assignees. Further, they argue that because Chesapeake only assigned a two and a half percent interest in the lease to Jamestown, the plaintiffs should be limited to seeking only such damages that arose from that portion of the interest assigned.

The plaintiffs argue that the contract in question requires future assignees to also secure the permission of the lessor and therefore the assignees assumed the original lessee's duty and

6

obligations in damages to the lessor. Further, the plaintiffs seem to argue that the consent to assign provision could be enforced against such an assignee by virtue of the language of the assignment agreement. The plaintiffs state that they do not yet have such agreements and it would be premature to determine this issue until discovery has progressed.

This Court agrees with the plaintiffs insomuch as it believes it would be premature for this Court to decide on this issue. Under West Virginia law,

> [a]n assignee of an oil and gas lease who has assumed the obligations of the lessee thereunder succeeds to only such rights as the lessee had against the lessor, and the covenants of the lease for the benefit of the lessor become binding upon the assignee in the same manner and degree as originally upon the lessee.

<u>Cotiga Development Co. v. United Fuel Gas Co.</u>, Syl. pt. 2, 128 S.E.2d 626 (W. Va. 1962). Because this Court has previously determined that the consent clause in the original lease in ambiguous, this Court cannot determine what obligations any assignees have in relation to such clause and thus, what obligations such assignees might owe to the plaintiffs. Therefore, this Court cannot grant the defendants' motion to dismiss as to this claim.

B.  <u>Attorneys' fee claim</u>

The defendants assert that the attorneys' fees are not recoverable here because there is no contractual provision or statute authorizing the recovery of fees. The plaintiffs, however,

7

assert that in West Virginia, various other situations exist where the courts have awarded the plaintiff attorneys' fees. Specifically, the plaintiffs state that in West Virginia, attorneys' fees have been awarded against a government entity, to punish a litigant for acts occurring before litigation, for misconduct in bringing the litigation, for misconduct during litigation, and to a litigant who has been forced to litigate a contractual obligation.

The defendants are correct in stating that "[t]he American rule of attorney's fees states that each party in a civil action pays for its own attorney's fees absent a contract, case law, or statute that provides to the contrary." Haught v. Louis Berkman LLC, 417 F. Supp. 2d 777, 784 (N.D. W. Va. 2006) (citing American Reliable Ins. Co. v. Stillwell, 212 F. Supp. 2d 621, 633-34 (N.D. W. Va. 2002)). However, the plaintiffs are correct in asserting that case law does exist that support an award of attorneys' fees when a party acted in "bad faith, vexatiously, wantonly, or for oppressive reasons" during litigation. Sally-Mike Properties v. Yokum, 365 S.E.2d 246, 249 (W. Va. 1986) (citations omitted). Because this Court believes that it is too early in the litigation process to determine whether such exception applies or does not apply to this case, this Court must deny the part of the defendants' motion to summary judgment that seeks to have this Court dismiss the plaintiffs' claim for attorneys' fees.

IV. Conclusion

For the reasons stated above, defendants Chesapeake Appalachia, LLC, Jamestown Resources, LLC and Statoil USA Onshore Properties, Inc.'s motion to dismiss the plaintiffs' amended complaint (ECF No. 56) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: March 7, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE