IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARTHUR C. STRICKLIN, DOROTHY ANN STRICKLIN,
VAUGHAN D. STRICKLIN, KATHY A. STRICKLIN,
COREY V. STRICKLIN, TENA STRICKLIN
and M. BETH McINTYRE, individually and
on behalf of others similarly situated,

    Plaintiffs,

v.                                         Civil Action No. 5:12CV8
                                                                (STAMP)
FORTUNA ENERGY, INC.
(now Talisman Energy USA Inc.),
RANGE RESOURCES-APPALACHIA, LLC,
CHESAPEAKE APPALACHIA, LLC,
STATOIL USA ONSHORE PROPERTIES, INC.,
and JAMESTOWN RESOURCES, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING RANGE RESOURCES-APPALACHIA, LLC'S
AND TALISMAN ENERGY USA INC.'S
MOTIONS FOR SUMMARY JUDGMENT,
DENYING AS MOOT CHESAPEAKE APPALACHIA, LLC'S,
JAMESTOWN RESOURCES, LLC'S AND
STATOIL USA ONSHORE PROPERTIES, INC.'S
MOTIONS FOR SUMMARY JUDGMENT,
DENYING AS MOOT PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I. <u>Background</u>

The plaintiffs commenced this action by filing a complaint in the Circuit Court of Ohio County, West Virginia and the defendants later removed the action to this Court. The complaint alleges that the plaintiffs entered into oil and gas leases with Talisman Energy USA Inc. ("Talisman") f/k/a Fortuna Energy Inc. ("Fortuna") and that Talisman later impermissibly assigned its interest in the

plaintiffs' leases to Range Resources-Appalachia, LLC ("Range Resources"), which subsequently assigned its interest to Statoil USA Onshore Properties, Inc. ("Statoil") and Chesapeake Appalachia, LLC ("Chesapeake Appalachia"). Chesapeake Appalachia then assigned a partial working interest to Jamestown Resources, LLC ("Jamestown").

According to the plaintiffs, the terms of the January 25, 2006 leases did not permit these assignments, as the plaintiffs assert that such assignment required the lessors' express consent to assignment based on paragraph 22 of the leases. Paragraph 22 of the leases states:

> 22. BINDS SUCCESSORS AND ASSIGNS
> If the interest of either Lessor or Lessee is assigned, and the right to assign in whole or in part is expressly permitted, all rights, duties and liabilities under this Lease shall inure to the benefit of and be binding on the assignee and the assignee's respective heirs, executors, administrators, successors and assigns.

ECF No. 46 Ex. 1 *4. Based on this language, the plaintiffs sought a declaration that the leases were void and that the defendants have no right to enter, drill, or pool the plaintiffs' property.[1]

---

[1] The parties entered into a stipulation whereby they agreed to dismiss the claim seeking a declaration that the subject leases be declared null and void in the plaintiffs' amended complaint. ECF No. 54. This stipulation was the result of this Court's order on May 17, 2012 granting in part the motion to dismiss of defendants Chesapeake Appalachia, Statoil, Jamestown, and Range Resources. In this opinion and order, this Court found that the plaintiffs' claim seeking an impermissible forfeiture of the leases through a declaration from this Court that such leases are void must be dismissed. See ECF No. 27.

Further, the plaintiffs sought a declaration that the defendants did not have a right to assign or accept the assigned interests, or to enter, drill, or pool upon the plaintiffs' properties. The plaintiffs request, based on this declaration, that the defendants be ordered to pay plaintiffs compensatory damages, punitive damages, and attorneys' fees and costs.

The plaintiffs later amended their complaint after seeking leave from this Court to assert a class action claim on behalf of those West Virginia owners of oil and gas interests who entered into oil and gas leases with Fortuna and who may have similar assignment clauses in their leases. As a result of this amendment, a new scheduling order was entered which allowed for discovery on the merits, discovery as to certification issues, and discovery as to damages concerning the factual witness. The parties were directed that after discovery closed, they were to submit dispositive motions on the merits prior to addressing the class certification issues. The parties have now all submitted motions for summary judgment on the merits,[2] and such motions are fully briefed and ripe for review.

For the reasons set forth below, this Court grants defendants Range Resources' and Talisman's motions for summary judgment, denies defendants Chesapeake Appalachia's, Statoil's, and

---

[2]See ECF Nos. 80, 82, 84, 86, and 99. Jamestown and Statoil did file a combined motion (ECF No. 82), and also joined in Chesapeake Appalachia's motion (ECF No. 80).

Jamestown's motions for summary judgment as moot, and denies the plaintiffs' motion for summary judgment as moot.

## II. Applicable Law

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the

motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

While the parties make various arguments in their summary judgment motions, this Court finds it need only address one argument, which was asserted by both Range Resources and Talisman in their motions for summary judgment. Specifically, both defendants assert that the plaintiffs have failed to provide written notice of the defendants' alleged breach of their obligations under the lease via certified mail, as is required by paragraph 11 of the lease (hereinafter "notice provision"). The notice provision of paragraph 11 provides in pertinent part:

> In the event Lessor considers that Lessee has not complied with any of its obligations under this Lease, both express and implied, Lessor shall notify Lessee in writing at the address set forth above, via certified United State mail, setting out specifically in what respects Lessor considers Lessee has breached this Lease (the "Notice"). Lessee shall then have sixty (60) days after receipt of the Notice within which to either: (i) meet or commence to meet all or any part of the breach or breaches alleged by Lessor; or (ii) provide an answer to Lessor outlining the reasons why, in its reasonable opinion, the breach or breaches alleged by Lessor have not occurred. Service of the Notice shall be precedent to the bringing of any action by Lessor on this Lease for any cause and Lessor shall bring no such action until the lapse of sixty (60) days after service of the Notice on Lessee.

ECF No. 46 Ex. 1 *3. Both Range Resources and Talisman assert that this paragraph provides support for their argument that the plaintiffs waived their right to assert any claim for breach of the

5

lease arising out of the assignments.  These defendants, however, also argue that their motions for summary judgment should be granted in their favor not just because such paragraph provides evidence of waiver, but also because the plaintiffs violated the notice provision, which constituted a condition precedent to bringing this action.

Pursuant to West Virginia contract law, "[i]f the language is clear and unambiguous it is to be applied." Creasy v. Tincher, 173 S.E.2d 332, 335 (1970).  Further, as to the interpretation of conditions precedent specifically, West Virginia law provides that "[w]here the parties to a contract have specified therein the conditions upon which an action upon the contract may be maintained, such conditions precedent generally must be complied with before an action for breach of contract may properly be brought."  4A Michie's Jurisprudence Contracts § 78 (2007 Repl. Vol.) (citing Vaughan Constr. Co. v. Virginian Ry. Co., 97 S.E. 278 (W. Va. 1918)).

The plaintiffs do not argue that the language of the lease is ambiguous as to this condition.  The lease requires that the lessors provide notice to the lessees prior to bringing any lawsuit asserting that the lessees have not met their obligations under the lease.  Thus, providing notice is required before an action for breach of contract may be brought.  The plaintiffs, however, did not comply with the notice provision.  Instead, the plaintiffs

immediately filed suit asserting a cause of action for breach of the lease agreement's assignment clause. Due to the plaintiffs' failure to comply with the term of the lease that specified a condition precedent to bringing their action, such action for breach of their leases cannot be maintained at this time.

The plaintiffs' two arguments contrary to this finding are unpersuasive. First, the plaintiffs argue that the defendants waived their rights under the notice provision when they answered the complaint. This Court disagrees. Based on Rule 8(c) of the Federal Rules of Civil Procedure, the defendants must raise any affirmative defense in their responsive pleading. Failure to plead such defense can result in the waiver of the defense and its exclusion from the case. Williams v. Gradall Co., 990 F. Supp. 442, 446 (E.D. Va. 1998) (citations omitted). "Such waiver, however, should not be effective unless the failure to plead resulted in unfair surprise or prejudice." S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co., 353 F.3d 367, 373 (4th Cir. 2003).

In this instance, there is no evidence that the defendants waived their right to assert the failure to comply with the notice provision as a defense. While the plaintiffs assert that the defendants failed to include the defense as an affirmative defense to plaintiffs' claims, this is simply not correct. Both Range Resources and Talisman included the defense of failure to provide

notice of the claims in their answers to the amended complaint. See ECF No. 50 *3-4 and ECF No. 55 *9. Range Resources specifically cited paragraph 11 and included the text of the notice provision in its answer to the amended complaint. ECF No. 50 *4. Based on Range Resources' detailed explanation of its defense, it is hard to believe that the plaintiffs were in any way surprised by the defendants' arguments concerning the notice provision. Further, it cannot be said that the plaintiffs were prejudiced in responding to the arguments, as the plaintiffs were on notice of the defense since the time Range Resources and Talisman filed their answers to the amended complaint.[3]

Second, the plaintiffs assert that they are excused from the notice provision's requirements because complying with the provision would have been futile. They argue that both Talisman and Range Resources had assigned the leases at issue when the plaintiffs filed the complaint in this action. Therefore, the plaintiffs assert that the defendants could not have undone their alleged breach of the leases at that time. Because they could not

---

[3]This Court, however, recognizes that defendants Chesapeake Appalachia, Statoil, and Jamestown did not assert the notice defense in their motions for summary judgment. This Court, however, finds that they have not waived such defense. Range Resources and Talisman did raise the defense and the issues raised by them are identical for all defendants. See P&E Elec., Inc. v. Utility Supply of America, Inc., 665 F. Supp. 89, n.1 (M.D. Tenn. 1986) (finding that although two of the co-defendants did not raise the statute of limitations defense in their answers or first responsive pleading, such defense was not waived based on the interests of justice).

8

have undone their actions, the plaintiffs argue that any notice would have been futile prior to bringing suit based on claims of improper assignment. Such an argument, however, assumes that the defendants could not have chosen to reassign the leases back to the original lessee, Talisman, so as to cure their alleged breach. Accordingly, because the defendants may have chosen to cure their alleged breach in this manner, any speculation as to futility is just that -- speculation.

IV. Conclusion

For the reasons stated above, Range Resources-Appalachia, LLC's and Talisman Energy USA, Inc.'s motions for summary judgment (ECF Nos. 86 and 84) are GRANTED. Chesapeake Appalachia, LLC's, Jamestown Resources, LLC's, and Statoil USA Onshore Properties, Inc.'s motions for summary judgment (ECF Nos. 80 and 82) are DENIED AS MOOT. The plaintiffs' motion for summary judgment (ECF No. 87) is also DENIED AS MOOT, and Range Resources-Appalachia, LLC's motion to file a surreply (ECF No. 99) to such motion is DENIED AS MOOT. This action is hereby DISMISSED WITHOUT PREJUDICE so as to allow the plaintiffs to seek to comply with the notice provision. See Tattoo Art, Inc. v. Tat Int'l, LLC, 711 F. Supp. 2d 645, 652 (E.D. Va. 2010) (finding that failure to satisfy the condition precedent necessary to trigger the right to initiate litigation requires dismissal without prejudice).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 12, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE